## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2016, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cynthia M. Carter
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mauricio Martinez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 24, 2016

Court of Appeals Case No.
49A02-1506-PC-547

Appeal from the Marion Superior Court

The Honorable Marc T. Rothenberg, Judge
The Honorable Amy J. Barbar, Magistrate

Trial Court Cause No.
49G02-0810-PC-230416

**Bailey, Judge.**

[1] Mauricio Martinez ("Martinez") appealed the denial of his petition for post-conviction relief, alleging that he was denied the effective assistance of trial and appellate counsel. We affirmed the denial, and Martinez petitions for rehearing, contending that this Court failed to acknowledge that his trial lawyer "neither requested a body attachment nor issued a defense subpoena, regarding the Constitution's Sixth Amendment right to confrontation." Pet. for Rehearing at 3.

[2] The record indicates that the State had subpoenaed Cheryl Sladovnik, who later failed to appear. A bench warrant was issued for her arrest, and she was declared an unavailable witness. Her redacted deposition (previously taken by defense counsel) was read into evidence. According to Martinez, "the reasonable and preferred strategy would be to have the witness herself appear and testify." Pet. for Rehearing at 3-4. Because his trial attorney did not issue a defense subpoena, Martinez was unable to request that the trial court issue a body attachment. Martinez wishes to have these facts specifically acknowledged, purportedly to assist in his petition for transfer.

[3] We do not express disagreement with Martinez's preference for live testimony. Had his trial counsel gone above and beyond the State's efforts to secure Sladovnik as a witness, it is possible that Sladovnik's attendance could have been secured through a body attachment. Indiana Code Section 34-29-2-3 provides: "An attachment for contempt, for failure to obey the command of a subpoena to testify, is a civil process within the meaning of this article."

[4] However, we do not review counsel's performance for "preferred strategy." Trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside the objective standard of reasonableness. *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind. 1998). Moreover, Martinez did not articulate the prejudice he suffered, as is required under *Strickland v. State*, 466 U.S. 668 (1984).

[5] Martinez did not demonstrate that he was denied the effective assistance of counsel. We thus deny the petition for rehearing.

Vaidik, C.J., and Crone, J., concur.